UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CORLEEN M. DAVENPORT,
                  Plaintiff,

          v.                                        Civil Action No.
                                                    11-12071-NMG

JAMES A. WHITEHILL,
                  Defendant.

<u>MEMORANDUM AND ORDER FOR DISMISSAL</u>

GORTON, D.J.

<u>BACKGROUND</u>

On November 15, 2011, Plaintiff Corleen Davenport ("Davenport") filed a self-prepared complaint against Attorney James Whitehill, of Tucson, Arizona, and sought leave to proceed *in forma pauperis*.  Davenport alleged negligence/legal malpractice, and breach of contract by the Defendant in connection with a partition of real property in Arizona.

On December 16, 2011, this Court issued a Memorandum and Order (Docket No. 4) granting Davenport's Motion for Leave to Proceed *in forma pauperis*, and directing her to demonstrate, within 35 days, that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 by showing credible evidence that the amount in controversy exceeded $75,000.00. Davenport was also directed to show good cause why she is not precluded from filing suit against Attorney Whitehill where this Court (Magistrate Judge Collings) previously found that the exercise of personal jurisdiction over the Defendant would not comport with due process requirements.

On January 23, 2012, Davenport filed a two-page Response (Docket No. 5), along with various exhibits.

<u>DISCUSSION</u>

In the Response, Davenport argues that this Court has personal jurisdiction over the Defendant under the Massachusetts Long Arm Statute, and cites cases in support.  She does not,

however, respond to this Court's directives to show cause why she is not precluded from bringing this action because Magistrate Judge Collings previously determined, based on the same set of facts presented in this action, that the exercise of personal jurisdiction over the Defendant would not comport with due process requirements.[1]

Even if this Court were to find that the issue of personal jurisdiction is a matter requiring further briefing of the parties and is not a basis for *sua sponte* dismissal, this action still cannot proceed because Davenport has failed to demonstrate that her damages exceeded $75,000.00 for purposes of establishing diversity jurisdiction.

Specifically, in Affidavits attached to her Response, Davenport asserts that the monetary compensation she seeks based on various counts of malpractice, negligence, and breach of contract is $26,187.38.  See Affidavits (Docket No. 5-1; 5-3; 5-4; 5-5).[2]  Additionally, in a separate Affidavit, Davenport alleges that the median home value for the real property at issue was $190,451.00, and therefore her half interest amounted to $95,250.50.  Since she received $50,000.00 from the sale of the property, her damages are decreased by that amount, leaving Davenport with a total actual loss of $45,250.50, plus the $500.00 she paid in out of pocket expenses related to the Arizona court fees.  See Affidavit (Docket No. 5-2).  It is unclear how Davenport has suffered the additional $26,187.38 in damages that she claims, but even if this Court were to include that amount in addition to the $45,250.00 and the $500.00 in expenses, the total amount still does not exceed $75,000.00.  This Court cannot find that Davenport's amount in controversy would be $26,187.38 for each separate count of negligence, malpractice, or

---

[1]While the defense of lack of personal jurisdiction may be waived by a party (and thus generally is not a basis for this Court to dismiss *sua sponte*), the matter for consideration in this case is whether Davenport nevertheless is precluded from asserting her claims because a prior determination has been made that this Court may not, constitutionally, exercise jurisdiction over Defendant.  This question also raises the issue whether Davenport's re-assertion of her claims against the Defendant is made in good faith.

[2]It appears that Davenport seeks duplicative damages for each cause of action.

breach of contract, and thus cannot find that this amount should be tripled or quadrupled, as that would amount to the imposition of punitive damages, which are not recoverable.

Without belaboring the matter, this Court finds that Davenport's actual loss (*i.e.*, the amount in controversy) is less than the jurisdictional amount required.  Accordingly, this action will be <u>DISMISSED</u> for lack of jurisdiction.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety for lack of jurisdiction.

SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: February 2, 2012